IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SUPPORTSOFT, INC. SECURITIES LITIGATION _____/ This Document Relates to All Actions _____/ | No. C 04-5222 SI **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

Now before the Court is defendants' motion to dismiss the complaint. The Court finds that dismissal is appropriate under the heightened pleading standards of the PSLRA. At a minimum, plaintiffs have failed to sufficiently plead falsity and scienter.

Much of plaintiffs' complaint relies upon the testimony of three confidential sources. However, the complaint fails to provide sufficient information about the sources. For example, the complaint only establishes that confidential source #3 was a former director of channel sales. No other information regarding the source is provided, such as the source's dates of employment, customers that the source was personally involved with, or the source's immediate supervisor. Furthermore, the complaint does not state how this source would know that the Company began "pushing" perpetual licenses. The complaint does not identify when the Company began "pushing" perpetual licenses or which customers shifted to perpetual licenses based on the Company's efforts. This is not sufficient.

The information regarding the other two confidential sources are plagued by similar problems. The complaint provides no description of the types of problems faced by the Company with the implementation of its software based on the testimony of confidential source #2. The complaint also fails to state when these problems occurred and whether the problems mentioned by the source contributed to the revenue shortfall in the third quarter of 2004. The complaint certainly does not provide "a list of all relevant circumstances in great

detail," as required by In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 984-85 (9th Cir. 1999).

The weakness of plaintiffs' pleading with respect to the confidential sources contribute to their failure to sufficiently plead the falsity of statements or scienter. Defendants also presented evidence that the Company disclosed that it was increasingly relying on perpetual licenses during the class period. See Reply at 1. The Company also informed investors that the increase in perpetual licenses could lead to less predictability in revenue on a quarterly basis. See Dinsmore Decl., Ex. B at 25. Therefore, the Court finds that dismissal is appropriate for failure to plead that the statements were false.

The Court also finds that plaintiffs have failed to plead scienter. Plaintiffs have failed to plead with sufficient particularity that the individual defendants had knowledge of the asserted allegations. Plaintiffs have also not pled sufficient facts to find that the stock sales by the individual defendants creates an inference of scienter.

Plaintiffs include a series of lengthy quotes from press releases and conference calls by the Company. It is unclear from the complaint exactly what portions of the statements plaintiffs contend are false or misleading. In its opposition, plaintiffs attempt to narrow their allegations, which plaintiffs should do in the First Amended Complaint. By focusing their allegations, the parties can more clearly discuss whether the statements fall within the PSLRA's safe-harbor provision.

Based on the discussion above, the Court GRANTS defendants' motion to dismiss with leave to amend. Plaintiffs must file their First Amended Complaint **on or before August 19, 2005.**

**IT IS SO ORDERED.**

Dated: 7/15/05

SUSAN ILLSTON
United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SUPPORTSOFT, INC. SECURITIES LITIGATION<br>_____/<br>This Document Relates to All Actions<br>_____/ | No. C 04-5222 SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

Now before the Court is defendants' motion to dismiss the complaint. The Court finds that dismissal is appropriate under the heightened pleading standards of the PSLRA. At a minimum, plaintiffs have failed to sufficiently plead falsity and scienter.

Much of plaintiffs' complaint relies upon the testimony of three confidential sources. However, the complaint fails to provide sufficient information about the sources. For example, the complaint only establishes that confidential source #3 was a former director of channel sales. No other information regarding the source is provided, such as the source's dates of employment, customers that the source was personally involved with, or the source's immediate supervisor. Furthermore, the complaint does not state how this source would know that the Company began "pushing" perpetual licenses. The complaint does not identify when the Company began "pushing" perpetual licenses or which customers shifted to perpetual licenses based on the Company's efforts. This is not sufficient.

The information regarding the other two confidential sources are plagued by similar problems. The complaint provides no description of the types of problems faced by the Company with the implementation of its software based on the testimony of confidential source #2. The complaint also fails to state when these problems occurred and whether the problems mentioned by the source contributed to the revenue shortfall in the third quarter of 2004. The complaint certainly does not provide "a list of all relevant circumstances in great

1  detail," as required by In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 984-85 (9th Cir. 1999).

2      The weakness of plaintiffs' pleading with respect to the confidential sources contribute to their failure
3  to sufficiently plead the falsity of statements or scienter. Defendants also presented evidence that the Company
4  disclosed that it was increasingly relying on perpetual licenses during the class period. See Reply at 1. The
5  Company also informed investors that the increase in perpetual licenses could lead to less predictability in
6  revenue on a quarterly basis. See Dinsmore Decl., Ex. B at 25. Therefore, the Court finds that dismissal is
7  appropriate for failure to plead that the statements were false.

8      The Court also finds that plaintiffs have failed to plead scienter. Plaintiffs have failed to plead with
9  sufficient particularity that the individual defendants had knowledge of the asserted allegations. Plaintiffs have
10 also not pled sufficient facts to find that the stock sales by the individual defendants creates an inference of
11 scienter.

12     Plaintiffs include a series of lengthy quotes from press releases and conference calls by the Company.
13 It is unclear from the complaint exactly what portions of the statements plaintiffs contend are false or misleading.
14 In its opposition, plaintiffs attempt to narrow their allegations, which plaintiffs should do in the First Amended
15 Complaint. By focusing their allegations, the parties can more clearly discuss whether the statements fall within
16 the PSLRA's safe-harbor provision.

17     Based on the discussion above, the Court GRANTS defendants' motion to dismiss with leave to
18 amend. Plaintiffs must file their First Amended Complaint **on or before August 19, 2005.**

20     **IT IS SO ORDERED.**

22 Dated: 7/15/05

24                                       SUSAN ILLSTON
                                      United States District Judge