BORIS FELDMAN, State Bar No. 128838
PERI NIELSEN, State Bar No. 196781
DAVID L. LANSKY, State Bar No. 199952
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
email: boris.feldman@wsgr.com

Attorneys for Defendants
SUPPORTSOFT, INC., RADHA R. BASU
and BRIAN M. BEATTIE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re SUPPORTSOFT, INC. SECURITIES LITIGATION | CASE NO.: C 04-5222 SI |
| | **[PROPOSED] STIPULATED CONFIDENTIALITY ORDER** |
| | Before: Honorable Susan Illston |
| This Document Relates To: ALL ACTIONS | |

**CONFIDENTIALITY ORDER**

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or financial information, subject to protection under the Federal Rules of Civil Procedure or California law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, anything designated as confidential pursuant to the terms of this Order ("Confidential Information") shall not be disclosed to any person other than:

| | | |
|---|---|---|
| (a) | counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation; |
| (b) | employees of such counsel; |
| (c) | individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation; |
| (d) | consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information and provided that if the party chooses a consultant or expert employed by SupportSoft, Inc. or one of its competitors (as listed on Appendix A), the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure; |
| (e) | any authors or recipients of the Confidential Information; |
| (f) | the Court, Court personnel and court reporters; and |
| (g) | witnesses (other than persons described-in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the |

1  Confidential Information shall be designated "Confidential" pursuant to
2  paragraph 2 above. Witnesses shown Confidential Information shall not
3  be allowed to retain copies.

4  5. Any persons receiving Confidential Information shall not reveal or discuss such
5  information to or with any person who is not entitled to receive such information, except as set
6  forth herein.

7  6. For applications and motions to the Court on which a party submits Confidential
8  Information, all documents and chamber copies containing Confidential Information which are
9  submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate
10 sealed containers. On the outside of the envelopes, a copy of the first page of the document shall
11 be attached. If Confidential Information is included in the first page attached to the outside of
12 the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be
13 stamped on the envelope and a statement substantially in the following form shall also be printed
14 on the envelope:

15  This envelope is sealed pursuant to order of the Court, contains
    Confidential Information and is not to be opened or the contents
16  revealed, except by Order of the Court or agreement by the parties.

17 In the event that the Clerk's Office refuses to accept a document filed under seal, the
18 filing party shall, not later than the next business day, file a notice indicating which documents
19 the party attempted to file, and indicating whether the documents contained material that had
20 been designated as confidential by plaintiffs, defendants, or both. The filing party shall also
21 serve a copy of the rejected filing by overnight mail on all other parties. Any party that wishes to
22 contest the public filing of the document must file a motion to that effect within five (5) business
23 days of the initial filing date. If no motion is received, the filing party may file the document
24 publicly within seven (7) business days of the initial filing. If a motion is filed to permit the
25 filing to be made under seal, the filing party may not file the document with the confidential
26 material included therein until the motion is resolved. This procedure shall not affect the
27 schedule for future filings.
28

-4-  C:\NrPortbl\PALIB1\NVG\2786046_2.DOC
**CONFIDENTIALITY ORDER**

1         7.      A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

        8.      If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

        9.      Notwithstanding any challenge to the designation of material as Confidential Information, all documents designated as confidential shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

        (a)     the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

        (b)     the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

        (c)     the Court rules the material is not Confidential Information.

        10.     All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence and deposition transcripts, shall either (a) return such documents to counsel for the party or non-party who provided such information no later than thirty (30) days after a request by such counsel, or (b)

destroy such documents within ninety (90) days following the conclusion of this action and all appeals and certify in writing within thirty (30) days following destruction that the documents have been destroyed.

11. The terms of this Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial.

12. If a party inadvertently produces confidential information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, <u>unless</u> a reasonable person looking at the face of the document would be aware that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as though it had been timely designated under this Confidentiality Order, and the receiving party must endeavor in good faith to obtain all copies of the documents that it distributed or disclosed to persons not authorized by Paragraphs 4 herein, as well as any copies made by such persons.

13. If a party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges or work product protection. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within five (5) days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than their inadvertent production.

14. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

15. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

16. This Order shall not apply to or affect the use of information already in the possession of a party or obtained by a party outside the course of discovery in this litigation.

Respectfully submitted,

Dated: March 16, 2006

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: ___s/David L. Lansky___
BORIS FELDMAN, State Bar No. 128838
PERI NIELSEN, State Bar No. 196781
DAVID L. LANSKY, State Bar No. 199952
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Defendants SupportSoft, Inc., Radha R. Basu and Brian M. Beattie*

Dated: March 16, 2006

**SUCHAROW & RUDOFF LLP**

By: ___s/Joseph Sternberg___
JONATHAN M. PLASSE
CHRISTOPHER J. KELLER
JOSEPH STERNBERG
100 Park Avenue
New York, New York 10017-5563
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

**GLANCY BINKOW & GOLDBERG LLP**

Dated: March 16, 2006

By: ___s/Peter Binkow___
LIONEL Z. GLANCY #134180
PETER A. BINKOW #173848
MICHAEL GOLDBERG #188669
1801 Avenue of the Stars, Suite 311 Los Angeles, California 90067 Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**SCHATZ & NOBEL, P.C.**

Dated: March 16, 2006

By: ___s/Mark P. Kindall___
ANDREW M. SCHATZ
JEFFREY S. NOBEL

-7-
**CONFIDENTIALITY ORDER**

NANCY A. KULESA
MARK P. KINDALL
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103
Tel.: 860-493-6292
Fax: 860-493-6290

*Attorneys for Plaintiff*

**THE FOREGOING STIPULATION
IS APPROVED AND IS SO ORDERED.**

Dated: _____, 2006     _____
The Honorable Susan Illston
United States District

**APPENDIX A**

**SupportSoft, Inc. Competitors:**

**(including all parents, subsidiaries, and spin-offs of the following:)**

Motive, Inc.

Alteris

Right Now Technologies

BMC Software

Hewlett-Packard

**APPENDIX B**

CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Order dated _____ in *In re SupportSoft, Inc. Securities Litigation,* Case No. C 04-5222 SI (N.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information -- including copies, notes or other transcriptions made therefrom -- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information -- including copies, notes or other transcriptions made therefrom -- to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the Confidentiality Order.

DATED: _____