IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SUPPORTSOFT, INC. SECURITIES LITIGATION _____ / This Document Relates to All Actions _____ / | No. C 04-05222 SI **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL** |

Now before the Court is plaintiff's motion to compel the production of documents.[1] Having carefully considered the arguments presented, the Court GRANTS plaintiffs' motion with some modifications.

## BACKGROUND

This is a securities class action against SupportSoft, Inc., a Delaware Corporation, and Radha R. Basu and Brian M. Beattie, two of the company's senior officers. SupportSoft is a "provider of real-time service management software designed to accelerate and automate enterprise technical support, customer service and IT infrastructure management." Amended Compl. ¶ 18. The class consists of all those who purchased or otherwise acquired SupportSoft stock between January 20, 2004, and October 1, 2004. *Id.* at ¶ 12.

Plaintiffs' amended complaint alleges that defendants made a number of false and misleading statements in press releases and conference calls, both before and during the class period. Plaintiffs allege that these statement and omissions were deliberately made to conceal problems that were

---

[1] Plaintiffs brought this matter before the Court by letter brief dated July 21, 2006 (Docket No. 113). Defendant responded by letter brief on July 28, 2006 (Docket No. 114).

1 appearing in SupportSoft's business, and to artificially inflate SupportSoft's stock price.

2   On March 2, 2006, plaintiffs served their first set of requests for production on defendants. Defendants responded on April 6, 2006, raising a number of objections to plaintiffs' requests. One objection was that plaintiffs requested documents prepared during time frames prior to the January 20, 2004 start of the class period; defendants argued that the only relevant documents were those produced "between January 20, 2004 and October 20, 2004." Defendants also objected to two of plaintiffs' requests which sought documents concerning customer complaints. Plaintiffs now move to compel.

## DISCUSSION

### 1.   Applicable Time Period

Plaintiffs' first set of document requests sought materials created at various times, some of which were substantially before the beginning of the class period, January 20, 2004; some requests stretched as far back as 1995. Defendants produced documents from what they term the "relevant period" – January 20, 2004, to October 20, 2004 – but have refused to produce any documents created prior to January 20, 2004. Defendants argue that plaintiffs' requests are overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs contend that their requests are for materials directly relevant to their allegations.

Plaintiffs' amended complaint is based in part on comments Basu and Beattie made prior to 2004, including allegedly misleading statements regarding SupportSoft's nine consecutive quarters of growth, which began in 2001. *See* Amended Compl. at ¶¶ 21, 23-24, 26, 28, 33. Accordingly, documents related to those statements are relevant to plaintiffs' claims. Plaintiffs also alleged that during the class period, defendants shifted away from a "blended model" to a new business model. *See id.* at ¶¶ 24, 33, 54-57, 61. As such, documents from the time period when the blended model was in use may be relevant to this claim. Additionally, documents that refer to the blended model may be relevant to plaintiffs' allegation that SupportSoft shifted its business model in order to mask financial decline. The Court agrees with plaintiffs that the document requests defendants objected to on the basis of the time period are directly related to plaintiffs' allegations, and may be highly relevant to this case. However, plaintiffs have not demonstrated that production going back to 1995 (see, e.g., requests 27-

029) is warranted. The Court finds that defendants must produce the requested documents for the time periods specified, but in no event to a date earlier than January 2000. Such production, which will assure that the relevance of the discovery outweighs any burden it might cause, is therefore ORDERED.

**2.      Request Nos. 1 and 3**

Plaintiffs' first document request sought "[a]ll documents relating to customer complaints . . . that software licensed by the customer from [SupportSoft] was not performing properly or was not performing the functions that the software had been represented as able to perform." Their third request sought "[a]ll documents relating to [SupportSoft] employees or consultants attempting to modify software in order to enable it to perform functions that the customer stated that the software was not performing." Defendants refuse to produce documents in response to these requests, arguing that the requests "would require a review of every customer file, database entry, and email for every document relating to any customer complaint or product problem, no matter how immaterial."

Plaintiffs' amended complaint contains allegations that SupportSoft's software would not perform as represented. *See* Amended Compl. at ¶ 35; *see also id.* at ¶¶ 46-47. According to the complaint, customers were dissatisfied with SupportSoft's software and SupportSoft had to modify its product to appease important customers. *See id.* at ¶ 35. Documents regarding whether there were in fact software problems are relevant to plaintiffs' claims that defendants made false or misleading statements regarding SupportSoft's success in the industry. Given the relevance of the material sought, the Court does not find that responding to this request will be unduly burdensome, and hereby ORDERS defendants to produce the documents at issue.

### CONCLUSION

For the foregoing reasons , the Court hereby GRANTS plaintiffs' motion to compel as modified above. (Docket Nos. 113 and 114).

**IT IS SO ORDERED.**

Dated: August 17, 2006

SUSAN ILLSTON
United States District Judge

3