UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re SUPPORTSOFT, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | CASE NO.: C 04-5222 SI<br><br>**CLASS ACTION**<br><br>[**PROPOSED**] **ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, a consolidated class action is pending before the Court entitled *In re SupportSoft Inc. Securities Litigation*, Case No. C 04-5222 SI (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated June 13, 2007 (the "Stipulation"), that has been entered into by the Certified Class Representative and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on September 28, 2007, at 9:00 a.m., at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment substantially in the form of Exhibit B to the Stipulation should be entered herein; whether the proposed Plan of Allocation set forth in the proposed form of Notice of Proposed Settlement of Class Action and Settlement Hearing ("Notice"), annexed hereto as Exhibit A-1, should be approved; and to determine the amount of fees and expenses that should be awarded to Class Counsel and the amount of costs and expenses that should be awarded to the Named Plaintiffs. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

3. By Order dated June 1, 2006, the Court certified a Class of all Persons and entities who purchased or otherwise acquired the securities of SupportSoft, Inc. ("SupportSoft") from January 20, 2004 to October 1, 2004 and who were damaged thereby. Excluded from the Class are Defendants, the officers and directors of SupportSoft at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any excluded person or entity has a controlling interest. Also excluded from the Class is Paul Takacs, Jr., on behalf of Wall Street Warriors Investment Club, who timely and validly requested exclusion from the Class pursuant to the Notice of Pendency of Class Action.

4. The Court approves, as to form and content, the Notice, the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. The Court appoints the firm of Strategic Claims Services, located at 600 North Jackson Street - Suite 3, Media, Pennsylvania 19063 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than fourteen days from the date of this Order (the "Notice Date"), Class Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits A-1 and A-2, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b) Not later than twenty-one days from the date of this Order, Class Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily* and once over one of the following services: Business Wire; PrimeZone; or PR Newswire for national distribution; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

6. Nominees who purchased SupportSoft securities during the period beginning January 20, 2004 through October 1, 2004, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such SupportSoft securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Class Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

7. All Members of the Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

8. Class Members who wish to participate in the settlement must complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders

otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date, however, Class Counsel may, without further order of this Court and without further notice to the Class, elect to extend the date by which Proof of Claim forms must be submitted for up to an additional sixty (60) days. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

9. Any Member of the Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

10. Any Member of the Class may appear and show cause, if he, she or it has any reason why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Class Counsel, or costs and expenses awarded to the Named Plaintiffs; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, the attorneys' fees and expenses to be awarded to Class Counsel, or the costs and expenses awarded to the Named Plaintiffs, unless that Person has mailed written objections and copies of any papers and briefs by first class mail, postage paid, postmarked no later than September 7, 2007, to: Joseph Sternberg, Esq., Labaton Sucharow & Rudoff LLP; Mark Kindall, Esq., Schatz Noblel Izard, P.C.; and Boris Feldman, Esq., Wilson, Sonsini, Goodrich & Rosati, P.C., and filed said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California, on or before September 7, 2007. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, to the award of attorneys' fees and expenses to plaintiffs' counsel and to the award of costs and expenses to Named Plaintiffs, unless otherwise ordered by the Court.

11. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12. All papers in support of the settlement and the Plan of Allocation shall be filed and served seven (7) calendar days before the Settlement Hearing. The application by Class Counsel for the award of attorneys' fees and reimbursement of expenses shall be filed and served not later than August 24, 2007.

13. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any applications for attorneys' fees or reimbursement of expenses shall be approved.

14. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED: 7/13/07

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE