**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re SUPPORTSOFT, INC. SECURITIES

LITIGATION

_____/

No. C 04-05222 SI

**ORDER AWARDING FEES TO CLASS COUNSEL AND PROVIDING FOR REIMBURSEMENT OF EXPENSES**

WHEREAS, the Court has granted final approval to the settlement of the within action;

WHEREAS, the class counsel appointed by the Court have petitioned the Court for the award of counsel fees in compensation for the services provided to plaintiffs and the class and for the reimbursement of expenses incurred in connection with the prosecution of the action, to be paid out of the settlement fund established pursuant to the settlement; and

WHEREAS, the Court has reviewed the fee application and the supporting materials filed therewith, and has heard the presentation made by class counsel during the final approval hearing, and due consideration having been had thereon.

NOW, THEREFORE, it is hereby ordered:

1. Class counsel request fees in the amount of 30% of the settlement fund. The Ninth Circuit has made clear that 25% is the proper benchmark in class action cases. *See*, *e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 109 F.3d 602, 607 (9th Cir. 1997). This 25% benchmark "can then be adjusted upward or downward to account for any unusual circumstances involved" in the case. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). The Court has considered the arguments of class counsel in favor of an upward adjustment and is aware that if fees in this case were based on a lodestar class counsel would receive fees substantially in excess of this amount. The Court finds, however, that counsel have not presented any

United States District Court
For the Northern District of California

1  unusual circumstances to justify departing upward from the 25% benchmark. Therefore, class counsel

2  are awarded 25% of the settlement fund, totaling $2,675,000, together with a proportionate share of the

3  interest earned on the fund, at the same rate as is earned by the balance of the fund, from the date of the

4  establishment of the fund to the date of payment.

5      2. The expenses of class counsel shall be reimbursed out of the settlement fund in the amount

6  of $204,197.44, together with interest earned thereon at the same rate as is earned by the balance of the

7  fund from the date of establishment of the fund until the date of payment.

8      3. Lead plaintiff and class representative, Scott Roland, having petitioned the Court for the

9  reimbursements of $3,150 in expenses incurred and time lost from his business in connection with

10  locating documents requested by defendants, preparing for his deposition, attending his deposition, and

11  his other activities on behalf of the class as lead plaintiff and class representative, is awarded

12  reimbursement out of the settlement fund in the amount of $3,150, together with interest earned thereon

13  at the same rate as is earned by the balance of the settlement fund from the date of establishment of the

14  fund to the date of payment.

15

16      **IT IS SO ORDERED.**

17

18  Dated: October 16, 2007

SUSAN ILLSTON
19  United States District Judge

20

21

22

23

24

25

26

27

28